UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALAKE PARKER,
    Plaintiff,

v.  Case No.

FLORIDA BELLS, LLC,
    Defendant.

## COMPLAINT

Plaintiff, ALAKE PARKER, sues Defendant, FLORIDA BELLS, LLC, and alleges as follows:

1. Plaintiff sues Defendant for failing to pay minimum wage and overtime due pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. Chapter 8.

2. Plaintiff resides in Alachua County, Florida.

3. Defendant is a Florida corporation that conducts a restaurant business in Alachua County, Florida known as Taco Bell at 826 W. University Ave in Gainesville, FL.

4. Plaintiff worked for Defendant as a fast food restaurant cashier/server making, at least at one time, $8.05 per hour from approximately January 16, 2015 to May 6, 2015 in Alachua County, FL.

5. Defendant did not pay Plaintiff all minimum wages due during the time Plaintiff worked for it.

6. Plaintiff worked off the clock for Defendant without payment of minimum wages for those hours. Moreover, should those off the clock hours exceed 40 hours in a workweek, Plaintiff is also due overtime pay on those hours.

7. Specifically, Defendant would tell Plaintiff to arrive at work at a specific time and then wait in the restaurant for long periods of time without clocking in or compensation. By way of example, the waiting hours were sometimes over 2 hours.

8. Defendant's practice of making Plaintiff wait for long periods of time off the clock and without compensation became so outrageous that a customer (who witnessed Plaintiff sitting around) once informed Defendant that its practice was illegal and that Plaintiff cannot be forced to wait for such long periods without pay.

9. Plaintiff was unable to use her waiting time effectively for her own purpose.

10. Plaintiff was told she could not leave or she would be fired.

11. Plaintiff was not advised of the "actual" start time when waiting for Defendant to let her clock in; she just had to sit and wait until Defendant decided she could clock in.

12. The primary function of the Defendant is to provide food services to the public.

13. When it employed Defendant, it is believed to have an annual dollar volume of sales or business is $500,000 or more and has at least two employees engaged in commerce or in the production of goods for commerce or handling such goods.

14. Defendant employs, and at all times Plaintiff worked for Defendant employed, employees that handle goods or materials that have been moved in or produced for commerce.

15. Alternatively, Plaintiff was herself engaged in interstate commerce via her cashier/server activities and running credit cards.

16. Plaintiff was entitled to receive minimum wages pursuant to the FLSA and

overtime pay for hours worked over 40 in a workweek.

17. Defendant, at all times material, was an enterprise engaged in commerce as defined by the FLSA.

18. Defendant violated the FLSA by failing to pay Plaintiff minimum wage under the FLSA for all hours worked. Moreover, should these unpaid wages exceed 40 hours in a workweek (after accounting for the off the clock hours, a computation Plaintiff can do after production to her of all her on-the-clock hours), Defendant also violated the FLSA by failing to provide her with overtime.

19. Defendant willfully violated the FLSA.

20. If Plaintiff recovers any wages and/or overtime wages alleged in this Complaint, she is entitled to an equal amount of liquidated damages.

21. Plaintiff retained the undersigned counsel and has agreed to pay the same a reasonable fee.

22. Plaintiff seeks an award of attorneys' fees and costs in this action as authorized by the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid minimum wages, unpaid overtime wages, liquidated damages, expert costs/fees, attorneys' fees (as authorized by the FLSA) and costs.

Respectfully submitted this June 26, 2015:

/s/ Michael Massey
Michael Massey, FBN153680
855 E. Univ. Ave.
Gainesville, FL 32601
352.505.8900
Massey@352law.com