## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Alake Parker ("Plaintiff") and Florida Bells, LLC ("Florida Bells") on behalf of itself and all released parties as defined below (hereinafter collectively referred to as "Releasees"). Plaintiff and Florida Bells (collectively, the "Parties") make and enter into this Agreement with reference to the following facts:

WHEREAS, Plaintiff is a former employee of Florida Bells;

WHEREAS, the Parties wish to resolve Plaintiff's claims in the lawsuit styled *Alake Parker v. Florida Bells, LLC,* Case No. 1:15-cv-00129-MW-GRJ, currently pending before the United States District Court for the Middle District of Florida (the "Lawsuit"). In the Lawsuit, Plaintiff asserts claims for unpaid wages pursuant to the Fair Labor Standards Act;

WHEREAS, Florida Bells has denied and continues to deny all of the material allegations asserted by Plaintiff the Lawsuit and has denied and continues to deny that it has violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff; and

WHEREAS, the Parties desire to resolve and settle all claims raised by Plaintiff in the Lawsuit, as well as any and all claims could have been raised by Plaintiff in the Lawsuit or otherwise through the date of this Agreement; and

WHEREAS, the Parties are entering into this Agreement solely for the purpose of avoiding the burdens and expense of litigation;

NOW THEREFORE, in consideration of the covenants and promises contained herein, the Parties hereto agree as follows:

A.  **Payments to Plaintiff and Plaintiff' Attorneys**

Within fifteen (15) business days following Plaintiff's execution of this Agreement, or the Court's approval of this Agreement, whichever is later, Florida Bells will pay Plaintiff as follows:

1.  In consideration for the releases, waivers, promises, covenants, and acknowledgments of Plaintiff contained in this Agreement, Florida Bells agrees to pay to Plaintiff the total gross sum of $7,128.10 (the "Settlement Amount"). The Settlement Amount will be paid by three checks:

(a) one check payable to "Alake Parker" in the gross amount of $844.05, which represents Plaintiff's claims for unpaid wages, from which applicable withholdings will be deducted, and for which Plaintiff will receive a Form W-2;

(b) one check payable to "Alake Parker" in the amount of $844.05, representing Plaintiff's claims for liquidated damages, for which Plaintiff will receive a form 1099; and

(c) for attorneys' fees and costs, Florida Bells will issue a check in the amount of $5,440.00, payable to "Massey and Duffy, PLLC," Tax Identification No.:205-5954716. This amount represents payment for all attorney's fees and costs associated with the Lawsuit, for which a form 1099 shall issue to Massey and Duffy, PLLC and, proportionally, to Plaintiff.

2. Plaintiff agrees to pay any amount that may be determined to be due and owing as taxes, interest and penalties arising out of the allocation of the foregoing payments, should it be determined that all or an additional part of such payment constitutes gross income within the meaning of the Internal Revenue Code of 1986, as amended, or under any other federal, state or local statute or ordinance. Plaintiff further agree to hold Florida Bells harmless against, and to indemnify Florida Bells for any and all claims by the Internal Revenue Service, any other taxing authority or other governmental agency (whether federal, state or local), which may be made against either or both arising out of or relating to the failure to withhold any portion of the payment to Plaintiff for income or social security tax purposes, or for any other purpose, and agrees to immediately reimburse Florida Bells for any resulting payments, including, without limitation, all penalties and interest to the Internal Revenue Service, any other taxing authority or other governmental agency, that Florida Bells must make in response to such claim, The Parties further agree that: (i) Florida Bells will give Plaintiff notice of any such claim; and (ii) Plaintiff will cooperate with Florida Bells in the defense of any such claim.

B. **Release of Claims and Dismissal of the Claims with Prejudice**

For and in consideration of the payment to be made and for other valuable consideration to be provided to Plaintiff pursuant to this Agreement, Plaintiff for herself, her heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter, collectively referred to as "Releasors"), hereby forever release and discharge Florida Bells and any of its and/or their past, present or future affiliated and related entities, and all of its and their respective partners, officers, directors, parent companies, subsidiaries, trustees, affiliates, divisions, successors and assigns of each and any of its and/or their past, present or future partners, shareholders, directors, officers, owners, principals, attorneys, agents, trustees, heirs, administrators, agents, and employees or assigns (whether acting as agents for Releasees as defined, below, or in their individual capacities), any employment benefit plan sponsored by Releasees, as defined below, and such plans' administrators, fiduciaries, trustees, and insurers and re-insurers (hereinafter collectively referred to as "Releasees") from any and all claims, demands, causes of action, and liabilities of any kind whatsoever (upon any legal or equitable theory, whether contractual, common-law, statutory, federal, state, local, or otherwise), including those raised in the Lawsuit, whether known or unknown, by reason of any act, omission, transaction or occurrence which Releasors ever had, now have or hereafter can, shall or may have against Releasees for any failure by any one or more of the Releasees to pay regular and/or overtime wages to Plaintiff, including those claims that were or could have been raised in the Lawsuit (including all claims under the Florida Civil Rights Act, 42 U.S.C 1981, Civil Rights Act of 1991, Title VII, et. seq., the FMLA), up to and including the date of Plaintiff's execution of this Agreement.

Furthermore, Plaintiff hereby forever release and discharge Releasees from any and all

claims of:

(i) employment discrimination, harassment and/or retaliation under any federal, state or local statute or ordinance, including without limitation, any and all claims under Title VII of the Civil Rights Act, as amended; the Fair Labor Standards Act; the Family and Medical Leave Act; the Americans with Disabilities Act; the Employee Retirement Income Security Act, as amended; (except for claims for vested ERISA benefits), and the Equal Pay Act;

(ii) any and all claims for tortious conduct (including, but not limited to defamation), emotional distress, bodily injury, wrongful discharge and/or breach of employment contract, express or implied; and

(iii) any and all claims for attorney's fees, costs, disbursements and the like, which Plaintiff ever had, now has, or hereafter can, shall or may have against Releasees for, upon or by reason of any act, omission, transaction or occurrence up to and including the date of Plaintiff's execution of this Agreement.

C. **Non-Admission of Liability**

Plaintiff acknowledges that Florida Bells and the Releasees deny any wrongdoing whatsoever in connection with Plaintiff's employment in connection with the payment or non-payment of wages and deny that Plaintiff is owed any unpaid wages or overtime wages, and that the consideration given pursuant to this Agreement is made solely for the purpose of reaching a good faith resolution on the disputed claims and avoiding the time and expense of litigation. It is expressly understood and agreed that nothing contained in this Agreement shall constitute or be treated as an admission of any wrongdoing or liability on the part of any of the Releasees.

D. **Ownership of Claims**

Plaintiff represents and warrants that she is the sole and lawful owner of all rights, title, and interest in and to all released matters, claims, and demands referred to herein. Plaintiff further represents and warrants that there has been no assignment or other transfer of any interest in any such matters, claims, or demands which he may have against the Releasees.

E. **Future Employment**

Plaintiff recognizes and acknowledges that she is not eligible for rehire or re-employment with any of the Releasees at any time in the future, and hence covenants that at no time will she seek employment, or any other remunerative relationship, including, without limitation, any form of independent contractor or consultant relationship, with Florida Bells or the Releasees. Plaintiff hereby acknowledges that any future denial of her application(s) for employment by any one or more of the Releasees is permissible and is not and will not be considered by Plaintiff to be retaliatory and/or discriminatory. Plaintiff further acknowledges that such representations constitute a material inducement for Releasees to enter into this Agreement

F. **Neutral Employment Reference**

In the event that future prospective employer(s) wish to verify Plaintiff's previous employment with Florida Bells, Plaintiff agrees and acknowledges that she and/or her prospective employer(s) must direct her/its//their inquiries to Florida Bells corporate Human Resources Department at 3836 Washington Road, Ste 9, Martinez, GA 30907 706-855-6395 . The Florida Bells Human Resources Department will respond to inquiries with a neutral employment reference consisting solely of information regarding the dates of Plaintiff's employment, positions held, and salary information if Plaintiff approves the release in advance of salary information. Plaintiff agrees and acknowledges that Florida Bells and the Releasees cannot guarantee the content of any reference obtained outside this procedure.

G. **Confidentiality and Non-Incitement of Claims**

Plaintiff covenants that he agrees to keep the amount of the settlement and other terms in this Agreement strictly confidential and, except as may be required by law, will not review, discuss or disclose, orally or in writing, the amount or other terms of this Agreement with any person, organization or entity, other than her immediate family, attorneys, accountants, tax consultants, or the IRS. If inquiries arise concerning Plaintiff's dispute with the Florida Bells or the Releasees in the Lawsuit or this Agreement by anyone other than those listed above, Plaintiff will state only that "the matter has been resolved," and will make no other comment.

The Parties agree that the terms set forth in this section regarding Confidentiality and Non-Incitement of Claims are material to this Agreement, and any breach of the terms herein constitutes a material breach of this Agreement.

In the event that Plaintiff is compelled by legal subpoena or court order to provide information covered by this section, Plaintiff agrees to immediately notify Releasees through its attorney, Michael Tricarico, Esquire, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 701 Brickell Avenue, Suite 1600, Miami, Florida 33131.

Nothing in this paragraph prohibits Plaintiff from filing an administrative charge with a governmental agency; however, Plaintiff acknowledges and agrees that, pursuant to paragraph B, she waives any right to recovery pursuant to any such administrative charge.

H. **Non-Disparagement**

Plaintiff agrees that, except as may be required by law, she will not knowingly make or cause to be made any statement that disparages or damages the reputation of Florida Bells or any of the Releasees.

I. **Responsibility for Payment of Tax Obligations**

Plaintiff agrees to pay any and all applicable State and Federal taxes, including FUTA, FICA, Social Security taxes, Federal income taxes, or Medicare/Medicaid taxes, and agree to indemnify Releasees for any and all taxes paid or requested to be paid by Plaintiff resulting from

payment of the Settlement Amount. This paragraph I does not apply to any employer specific taxes that may be due and owing by Releasees with regard to the payments made to Plaintiff.

J. **General Provisions**

1. **Florida Law Applies**. This Agreement, in all respects, shall be interpreted, enforced and governed by and under the laws of the State of Florida, except where Federal law applies.

2. **Successors and Assigns**. It is expressly understood and agreed by the Parties that this Agreement and all of its terms shall be binding upon their representatives, heirs, executors, administrators, successors, and assigns.

3. **Integration**. This Agreement constitutes an integrated, written contract, expressing the entire agreement between the Parties with respect to the subject matter hereof. The Parties further understand and agree that this Agreement can be amended or modified only by a written agreement, signed by all of the Parties hereto.

4. **Counterparts**. This Agreement may be executed in separate counterparts, and by facsimile, and each such counterpart shall be deemed an original with the same effect as if all Parties had signed the same document.

5. **Headings**. The headings in each paragraph herein are for convenience of reference only and shall be of no legal effect in the interpretation of the terms hereof.

6. **Severability**. If any provision in this Agreement is held to be invalid, the remainder of this Agreement shall not be affected by such a determination.

7. **Attorney Fees**. The prevailing party in any litigation to enforce this Agreement or any of its terms shall be entitled to reasonable attorneys' fees and costs.

8. **Retention of Jurisdiction**. The Parties agree that the court presiding over this Claim shall retain jurisdiction to interpret or enforce any provisions of this Agreement.

L. **Plaintiff's Acknowledgment**

Plaintiff acknowledges that no representation, promise, or inducement has been made other than as set forth in this Agreement, and that she enters into this Agreement without reliance upon any other representation, promise, or inducement not set forth herein. Plaintiff understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted.

Plaintiff also acknowledges the following: (a) that she has consulted with or has had the opportunity to consult with an attorney of her choosing concerning this Agreement and has been advised to do so in writing by Florida Bells; (b) that Plaintiff has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on her own judgment and/or her attorney's advice; (c) that the remuneration provided to him under this Agreement exceeds any amount that she is otherwise entitled to under any plan or agreement with Florida Bells; and (c) Plaintiff acknowledges that she has been given a reasonable period of time to consider this Agreement prior to its execution.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates provided below.

DATED: 10-12-2015.

_Alake Parker_

ALAKE PARKER


DATED: 10/12/15.

FLORIDA BELLS, LLC

By: _____

Title: CFO